IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RAGENAL TYRONE COMPTON | § | |
| VS. | § | CIVIL ACTION NO. 9:13cv247 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Ragenal Tyrone Compton, an inmate confined at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes petitioner's objections should be overruled.

As the magistrate judge correctly determined, this disciplinary case did not implicate due process concerns because petitioner did not lose good time credits. Additionally, even if petitioner had lost good time credits, he is not eligible for release on mandatory supervision. *See Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000).

Further, petitioner's claim is without merit. Petitioner complains that he was convicted of assaulting an officer when the charging officer admitted at the disciplinary hearing that he had not

1

been touched.  However, the TDCJ Disciplinary Rules and Procedures for Offenders includes the following note preceding the list of disciplinary offenses:  "A violation of these rules may consist of engaging, attempting to engage in, or conspiring to engage in specified behavior or aiding others in engaging, attempting to engage in, or conspiring to engage in specified behavior."  *See* TDCJ Disciplinary Rules and Procedures for Offenders,   http://www.tdcj.texas.gov/documents/cid/ Disciplinary_Rules_and_Procedures_for_Offenders_English.pdf (last visited March 11, 2015). Thus, this clause defeats petitioner's argument that he could not be guilty of assault because the officer was not actually touched.

Federal Courts will not review a disciplinary hearing officer's factual findings *de novo*, instead the courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence."  *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985);  *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986), *cert. denied*, 476 U.S. 1117 (1986).  "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).  "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer."  *Hudson v. Johnson*, 252 F.3d 534, 537 (5th Cir. 2001).  Further, the information provided in a written incident report standing alone can satisfy the "some evidence" standard.  *Id*. at 536-537.  Here, the disciplinary case was supported by sufficient evidence.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability.  An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).  The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982).  In making that substantial showing, the movant need not establish that he should prevail on the merits.  Rather, he must

demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

<u>O R D E R</u>

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this the **13** day of **March, 2015.**

Thad Heartfield
United States District Judge